## Commonwealth v. Foulk

*John L. Hamaker,* assistant district attorney, for Commonwealth.

*Marshall M. Cohen,* for defendant.

SCHAEFFER, P. J., June 6, 1941.—Defendant was prosecuted before a justice of the peace for a violation of The

Vehicle Code for operating an automobile without lighted lamps on a highway about 8 p.m., on February 8, 1941, which was more than one hour after sunset on that day. Subsection (*a*) of section 801 of The Vehicle Code of May 1, 1929, P. L. 905, and the amendments thereto, provides, inter alia, as follows:

"Every vehicle upon a highway within this Commonwealth, during the period from one (1) hour after sunset to one (1) hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred (500) feet ahead, shall be equipped with lighted lamps . . ."

Defendant waived a hearing before the justice of the peace and entered bail for court under the provisions of section 1204 of The Vehicle Code. At the hearing in court held on April 18, 1941, defendant moved to quash the proceedings on the ground that the justice of the peace failed to send by registered mail to defendant a notice in writing of the filing of the information, together with a copy thereof, and a notice to appear within 10 days of the date of the notice, prior to the issuance of a warrant, as required by The Vehicle Code. In Commonwealth v. Carl, 43 Lanc. L. R. 391, this court said: "The law undoubtedly requires that the notice above referred to be given to defendant by registered mail. . . ." In that case the transcript of the alderman failed to show that the notice of the filing of the information was sent by registered mail to defendant, but the court held that the question as to notice by registered mail be finally determined at the hearing in court. It was also decided in that case that defendant has lost no right in waiving a summary hearing and giving bail to appear in court. He may raise the question of jurisdiction at any time.

In the case at bar the record fails to show that the required notice was given to defendant. It was proven that the notice was served personally on defendant by a constable instead of being sent by registered mail. The Ve-

hicle Code expressly provides for the method of giving the notice in question as follows:

". . . within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

In Commonwealth v. Bennett, 32 D. & C. 542 (1938), Sheely, P. J., of Adams County, in his opinion said:

"If the justice of the peace fails to give the notices required by section 1202 of The Vehicle Code, as amended, 75 PS §732, he does not have jurisdiction: Commonwealth v. Myers, 40 Dauph. 215 (1935). This is true even though defendant waives a hearing before the justice of the peace and enters bail for court."

In Commonwealth v. Walter, 39 D. & C. 383 (1940), Judge MacDade of Delaware County said with reference to the 10-day notice:

"It appears to us to be clear that it was the intention of the legislature to relieve or protect defendants from the ignominy, embarrassment, and expense of an arrest ·for a comparatively trifling offense without first affording him ample time and opportunity to appear voluntarily for a hearing or to give bail. The provision is entirely reasonable and just . . ."

The court has considered solely the legal question involved in this proceeding. In view of its conclusion in that respect, it is not necessary to decide the case on its actual merits.

And now, June 6, 1941, the motion to quash the proceedings in this case is sustained and the proceedings are dismissed. The County of Lancaster is directed to pay office costs only.